**POSTED TO THE WEBSITE**

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br>VIVIAN COLE,<br><br>Debtor. | Case No. 24-21359-A-7<br><br>FEC-2<br><br>**MEMORANDUM** |

Submitted on June 17, 2024

at Sacramento, California

Honorable Fredrick E. Clement, Bankruptcy Judge Presiding

Appearances: None

Rule 9011(b)(1) prohibits filing bankruptcy for an "improper purpose," including "to cause unnecessary delay." Attorney Joseph Sandbank filed sequential skeletal Chapter 7 petitions for husband and for wife, invoking the stay. 11 U.S.C. § 362(a). Each case was later dismissed by the Clerk for failure to file the schedules and statements. Sandbank charged each debtor $150. At the time of filing, did Sandbank intend to prosecute each case to conclusion?

**I.　FACTS**

Stephen Cole and Vivian Cole are husband and wife. Respondent Joseph Sandbank ("Sandbank") is an attorney at law; Sandbank represented each of the Coles in separate Chapter 7 bankruptcies.

**A.　Stephen Cole's Bankruptcy**

On March 12, 2024, Sandbank filed a skeletal Chapter 7 bankruptcy petition on behalf of Stephen Cole. Vol. Pet., *In re Stephen Cole*, No. 24-20976 (Bankr. E.D. Cal. March 12, 2024), ECF No. 1. The petition indicated that the debtor "will pay the entire [filing] fee" with the petition. *Id.* at § 8. The fee was not paid with the petition. The petition contends that the debtor received credit counseling prior to the date of the petition but that the debtor "do[es] not have a certificate of completion." *Id.* at § 15. It indicated that Stephen Cole had between "1-49" creditors and owed "$100,001-$500,000" in debts. *Id.* at § 20.

The creditors matrix included only three creditors. Verification of Master Address List, ECF No. 4.

The next day, March 13, 2024, the Clerk of the Court issued a Notice of Incomplete Filing, which specified the documents necessary to complete the filing: Form 122A, Schedules A/B-J, Statement of Financial Affairs and the Summary of Assets and Liabilities. Not.

2

Incomplete Filing, ECF No. 6.  It also informed the debtor and Sandbank that the remaining documents were due March 26, 2024.  A day later, an Amended Notice of Incomplete Filing was issued to add to the list of missing documents the Disclosure of Compensation, Form B2030.  Am. Notice of Complete Filing, ECF No. 7.  Both the notice and the amended notice were served on Sandbank.

On March 15, and again on March 19, 2024, the Clerk of the Court warned the debtor that the failure to file all the remaining schedules and statements by March 26, 2024, would result in dismissal of the case.  Notice of Incomplete Filing, ECF Nos. 10, 15.

On Saturday, March 16, 2024, the Clerk of the Court also issued a "Notice of Payment Due," ECF No. 11.  That document warned that the failure to pay the filing fee within three business days [Wednesday, March 20, 2024] would result in an order to show cause.

When Sandbank did not file the Disclosure of Compensation, Form B2030, on March 20, 2034, the Clerk of the Court issued an Order to Show Cause why sanctions should not be imposed.  Order to Show Cause, ECF No. 16; LBR 2016-4 (instructing the Clerk of the Court to set the matter before the Chief Bankruptcy Judge).  The Clerk of the Court set a hearing date for the Order to Show Cause of May 6, 2024.  That order stated:

> THEREFORE, IT IS ORDERED the debtor's(s') attorney in this bankruptcy case appear before the Court on the following date, time and place [May 6, 2024, at 1:00 p.m.] and show why sanctions should not be imposed on debtor's attorney or other appropriate relief ordered this bankruptcy case for failure to comply with the provisions of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and Local Rules of Practice and local requirements.

Order to Show Cause, ECF No. 16.

On Friday, March 22, 2024, two days after the last date for

3

payment, Notice of Payment Due," ECF No. 11, the filing fee was paid.

Neither debtor Cole, nor Sandbank, filed the schedules and statements, nor the certificate of completion for credit counseling. Nor did the debtor, or Sandbank, seek an enlargement of time to do so.

On April 1, 2024, the Clerk of the Court dismissed the case for failure to file the schedules and statements. Order Dismissing Case, ECF No. 20.

Notwithstanding dismissal, on May 6, 2024, this court convened the hearing on the Order to Show Cause for failure to file the Disclosure of Compensation, Form B2030. Neither Sandbank, nor the debtor, appeared. Civ. Minutes, ECF No. 26. The court imposed monetary sanctions of $1,000. Order, ECF No. 27.

On May 8, 2024, the day following the imposition of monetary sanctions against him, Sandbank filed the Disclosure of Compensation. Disclosure of Compensation, ECF No. 28. It stated:

> Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for service rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follow:
>
> For legal services, I have agreed to accept $150.00.
>
> Prior to the filing of this statement I have received $150.00.
>
> Balance Due $0.00.
>
> ...
>
> [Other provisions as needed] FEE OF $150 FOR FILING OF INITIAL PETITION, ADDITIONAL HOURLY FEES WOULD HAVE APPLIED HAD CASE PROCEEDED TO CREDITOR MEETING, ETC.

Disclosure of Compensation para. 1, 5(e), ECF No. 28.[1]

---

[1] The agreement between Stephen Cole and Sandbank also appears to split fees

4

Concerned that Stephen Cole and Sandbank filed the petition without the intent of prosecuting the case to discharge, the court ordered Sandbank to file the fee agreement with Stephen Cole. Order, ECF No. 32. He has not done so. From that refusal, the court draws the negative inference, i.e., that the fee agreement would show that from the beginning Sandbank did not intend to prosecute the case to conclusion.

**B.　Vivian Cole's bankruptcy**

On April 2, 2024, the day following the dismissal of Stephen Cole's bankruptcy, Sandbank filed a skeletal Chapter 7 bankruptcy on behalf of Vivian Cole. Vol. Pet., *In re Vivian Cole,* No. 24-21359 (Bankr. E.D. Cal. April 2, 2024), ECF No. 1. Vivian Cole's bankruptcy followed a nearly identical path to that of her husband. The petition indicated that the debtor "will pay the entire [filing] fee" with the petition. *Id.* at § 8. The fee was not paid with the petition. The petition contends that the debtor received credit counseling prior to the date of the petition but that the debtor "do[es] not have a certificate of completion." *Id.* at § 15. It indicated that Vivian Cole had between "1-49" creditors and owed "$100,001-$500,000" in debts. *Id.* at § 20.

The creditors matrix included only four creditors. Verification of Master Address List, ECF No. 4. Three of the four precisely overlapped with the creditors listed by her husband, Stephen Cole.

The next day, on April 3, 2024, the Clerk of the Court issued a Notice of Incomplete Filing, which specified the documents necessary to complete the filing: Form 122A, Schedules A/B-J, Statement of

---

unlawfully between pre-petition and post-petition work. *Gordon v. Hines (In re Hines)*, 147 F.3d 1185 (9th Cir. 1998); LBR 2016-3.

5

Financial Affairs and the Summary of Liabilities. Not. Incomplete Filing, ECF No. 6. It also informed the debtor and Sandbank that the remaining documents were due April 16, 2024. The notice was served on Sandbank.

On April 5, 2024, the Clerk of the Court warned the debtor that the failure to file all the remaining schedules and statements by April 16, 2024, would result in dismissal of the case. Notice of Incomplete Filing, ECF Nos. 9.

On Saturday, April 6, 2024, the petition, the Clerk of the Court also issued a "Notice of Payment Due," ECF No. 10. That document warned the that the failure to pay the filing fee within three business days [Wednesday, April 10, 2024] would result in an order to show cause. *Id.*

When Sandbank did not file the Disclosure of Compensation, Form B2030, on April 10, 2024, the Clerk of the Court issued an Order to Show Cause why sanctions should not be imposed. Order to Show Cause, ECF No. 14; LBR 2016-4 (instructing the Clerk of the Court to set the matter before the Chief Bankruptcy Judge). The Clerk of the Court set a hearing date for the Order to Show Cause of May 20, 2024. That order stated:

> THEREFORE, IT IS ORDERED the debtor's(s') attorney in this bankruptcy case appear before the Court on the following date, time and place [May 20, 2024, at 1:00 p.m.] and show why sanctions should not be imposed on debtor's attorney or other appropriate relief ordered this bankruptcy case for failure to comply with the provisions of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and Local Rules of Practice and local requirements.

Order to Show Cause, ECF No. 14.

Neither debtor Cole, nor Sandbank, filed the schedules and statements, nor the certificate of completion for credit counseling.

6

1 Nor did the debtor, or Sandbank, seek an enlargement of time to do so.

2 On April 22, 2024, the Clerk of the Court dismissed the case for
3 failure to file the schedules and statements. Order Dismissing Case,
4 ECF No. 19.

5 On April 22, 2024, the Clerk of the Court dismissed the case for
6 failure to file the schedules and statements. Order Dismissing Case,
7 ECF No. 19.

8 On May 8, 2024, the day following the imposition of monetary
9 sanctions against him in *In re Stephen Cole*, No. 24-20976 (Bankr. E.D.
10 Cal. March 12, 2024), Sandbank filed the Disclosure of Compensation.
11 Disclosure of Compensation, ECF No. 21, in this case. It stated:

> Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for service rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follow:
>
> For legal services, I have agreed to accept $150.00.
>
> Prior to the filing of this statement I have received $150.00.
>
> Balance Due $0.00.
>
> ...
>
> [Other provisions as needed] FEE OF $150 FOR FILING OF INITIAL PETITION, ADDITIONAL HOURLY FEES WOULD HAVE APPLIED HAD CASE PROCEEDED TO CREDITOR MEETING, ETC.

Disclosure of Compensation para. 1, 5(e), ECF No. 21.[2]

Also, on Wednesday, May 8, 2024, four weeks after the last day for paying the filing fee to avoid dismissal, the filing fee was paid.

---

[2] The agreement between Vivian Cole and Sandbank also appears to split fees unlawfully between pre-petition and post-petition work. *Gordon v. Hines (In re Hines)*, 147 F.3d 1185 (9th Cir. 1998); LBR 2016-3.

7

Concerned that Vivian Cole and Sandbank filed the petition without the intent of prosecuting the case to discharge, the court ordered Sandbank to file the fee agreement with Vivian Cole. Order, ECF No. 32. He has not done so. From that refusal, the court draws the negative inference, i.e., that the fee agreement would show that from the beginning Sandbank did not intend to prosecute the case to conclusion.

Notwithstanding dismissal, on May 20, 2024, this court convened the hearing on the Order to Show Cause for failure to file the Disclosure of Compensation, Form B2030. Neither Sandbank, nor the debtor, appeared. Civ. Minutes, ECF No. 31. Because the Disclosure Statement had been filed, the court dropped the matter without further action. Civil Minutes, ECF No. 31.

**II. PROCEDURE**

This court issued an order to show cause to Joseph Sandbank, attorney for the debtors; the gist of that order was whether Sandbank should be sanctioned for filing Chapter 7 bankruptcies for Stephen Cole and Vivian Cole for the purpose of causing unnecessary delay, Fed. R. Bankr. P. 9011(b)(1), to wit: filing bankruptcy without the intention of prosecuting the case to conclusion and/or discharge. Sandbank has not filed opposition to the order to show cause. Nor did Sandbank appear at the hearing on the order to show cause.

**III. JURISDICTION**

This court has jurisdiction. 28 U.S.C. §§ 1334(a)-(b), 157(b); *see also* General Order No. 182 of the Eastern District of California. Jurisdiction is core. 28 U.S.C. § 157(b)(2)(A); *In re Carrera*, No. 2016 WL 4400652, at *5 (B.A.P. 9th Cir. Aug. 16, 2016), aff'd sub nom. *In re Vizconde*, 715 F. App'x 630 (9th Cir. 2017).

8

Filed 06/17/24

Case 24-21359    Doc 39

**IV. LAW**

Federal Rule of Bankruptcy Procedure 9011 provides:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a *petition*, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>
> (1) *it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation*;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Bankr. P. 9011(b) (emphasis added).

Violations of Rule 9011 may form the basis of monetary sanctions. Fed. R. Bankr. P., 9011(c); sanctions may be ordered after a motion by a party in interest or sua sponte. Fed. R. Bankr. P. 9011(c)(1)(A)-(B).

Where Rule 9011 sanctions are ordered sua sponte, a heightened standard applies; the conduct that is the subject of the sanction must amount to bad faith. *In re Nakhuda*, 544 B.R. 886, 899, 901 (9th Cir BAP 2016). The filing of a bankruptcy petition for the purpose of stalling creditors and without the intention of prosecuting the case to discharge may form the basis of Rule 9011(b)(1) bad faith. *In re Carrera*, No. 2016 WL 4400652, at *6-9.

9

## V. DISCUSSION

### A. Bad Faith

The court finds an improper purpose: a specific intent to unnecessarily delay creditors. Sandbank filed the case to obtain the stay, 11 U.S.C. § 362(a), and without the intention of prosecuting it to conclusion and discharge. At least in this case, that conduct rises to the level of the bad faith described in *Nakhuda* and *Carrera.* The court draws that inference from the following direct evidence. First, in each case, Sandbank exhibited stalling behaviors. Examples include: the filing of two skeletal petitions without later effort to complete the required schedules and statements; the 11th hour payment of the filing fees to avoid dismissal; failure to obtain credit counseling;[3] and failure to file the Disclosure of Compensation until after the court sanctioned counsel $1,000.

Second, a pattern of delay exits between the petitions of Stephen Cole and Vivian Cole; Sandbank was counsel of record for each of the Coles. In almost every instance, spouses file a joint bankruptcy petition. 11 U.S.C. § 302. Without apparent good reason, Stephen Cole and Vivian Cole filed individual petitions. 11 U.S.C. § 301. And the timing of those petitions strongly suggests an improper purpose. Stephen Cole's Chapter 7 case was dismissed on April 1, 2024, and Vivian Cole's Chapter 7 petition was filed April 2, 2024. By timing these petitions as Sandbank did, the debtor purchased the stay, 11 U.S.C. § 362(a), without intervening gap for $300[4] for 42 days

---

[3] Concededly, the petition represents that credit counseling was obtained prior to the petition. Vol. Pet. § 15, *In re Stephen Cole*, No. 24-20976 (Bankr. E.D. Cal. March 12, 2024), ECF No. 1. But because the certificate of completion was never filed the court infers that credit counseling was not obtained prior to the filing of the petition.

[4] Each debtor paid Sandbank a fee of $150 for filing their case.

10

1 (March 12, 2024, to April 22, 2024, inclusive). Absent other reason,
2 the filings of serial, sequential bankruptcy petitions are strong
3 evidence of an improper purpose.
4     Third, Sandbank has not cooperated with the court in its effort
5 to investigate the issue. For example, this court ordered Sandbank to
6 file with the Clerk of the Court his fee agreement with each debtor.
7 Order, *In re Stephen Cole*, No. 24-20976 (Bankr. E.D. Cal. March 12,
8 2024), ECF No. 32; Order, *In re Vivian Cole,* No. 24-21359 (Bankr. E.D.
9 Cal. April 2, 2024), ECF No. 25. He has not done so. From the lack
10 of cooperation, the court infers the most negative inference, i.e.,
11 that Sandbank specifically intended to unnecessarily delay creditors
12 and that the fee agreement provides evidence of that fact.
13     Fourth, a fee of $150 for filing a Chapter 7 suggests that
14 Sandbank believed that little work would be required and that the case
15 would last a limited time. While the fee agreement might provide
16 evidence to the contrary, i.e., hourly charges for work thereafter,
17 Sandbank has refused to provide the court a copy of the fee agreement.
18 For each of these reasons, the court infers bad faith, i.e., a
19 specific intention to unnecessarily delay creditors without the
20 intention of pursuing either case to conclusion.
21     **B.    Sanction**
22     The amount of the sanction should be sufficient to deter
23 repetition of the conduct by the offending attorney and others. Fed.
24 R. Bank. P. 9011(c)(2); *In re Carrera*, No. BAPNC151383KITAJU, 2016 WL
25 4400652, at *9 (B.A.P. 9th Cir. Aug. 16, 2016) ($2,000 penalty
26 upheld), aff'd sub nom. In re *Vizconde*, 715 F. App'x 630 (9th Cir.
27 2017). It should not be a serious penalty in the nature of criminal
28 contempt. *Id.*

The court should consider a variety of factors.

> To determine an appropriate sanction, the bankruptcy court should consider: (1) whether the duty violated was to a client, the public, the legal system or the profession; (2) whether the lawyer acted intentionally, knowingly or negligently; (3) whether the lawyer's misconduct caused a serious or potentially serious injury; and (4) whether aggravating factors or mitigating circumstances exist. Crayton, 192 B.R. at 980.
>
> Aggravating factors include considerations that justify an increase in the degree of discipline imposed, such as a prior disciplinary offense, multiple offenses, a pattern of misconduct, and refusal to acknowledge the wrongful nature of the conduct. *Id.* at 981. Mitigating circumstances include considerations which justify a reduction in the degree of discipline, such as the absence of a prior disciplinary record, personal or emotional problems, inexperience in the practice of law, or a timely good faith effort to make restitution or to rectify the consequences of the misconduct. *Id.*

*In re Brooks-Hamilton*, 400 B.R. 238, 252–53 (B.A.P. 9th Cir. 2009)

Considering the *Brooks-Hamilton* factors, the court finds that: (1) the filing a bankruptcy with the sole intention of causing unnecessary delay injures the public; (2) Sandbank acted intentionally, rather than carelessly; (3) the injury to the public was modest, i.e., a 42-day delay, not serious; and (4) aggravating, not mitigating, factors exist. Aggravating factors include: multiple offenses, i.e., two separate Chapter 7 cases; a pattern of misconduct, i.e., stalling behaviors; and a refusal to acknowledge the wrongful nature of the conduct, i.e., refusal to cooperate in the resolution of the problem or to appear at any of the hearings noticed by this court. For these reasons, the court imposes a sanction of $2,000 in each case.

\

\

\

**VI. CONCLUSION**

The order to show cause is sustained and a monetary sanction of $2,000 in each case is imposed.

Dated: June 17, 2024

_____
Fredrick E. Clement
United States Bankruptcy Judge

13

# Instructions to Clerk of Court
### Service List - Not Part of Order/Judgment

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below*. The Clerk of Court will send the document via the BNC or, if checked ____, via the U.S. mail.

| **Debtor**(s) | **Attorney for the Debtor**(s) (if any) |
|---|---|
| **Bankruptcy Trustee** (if appointed in the case) | **Office of the U.S. Trustee**<br>Robert T. Matsui United States Courthouse<br>501 I Street, Room 7-500<br>Sacramento, CA  95814 |

14